# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1271V**
**Filed: February 7, 2019**
UNPUBLISHED

|  |  |
|---|---|
| SANDRA LOYDPIERSON,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 15, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza ("flu") vaccination administered on October 6, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 6, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On February 6, 2019, respondent filed a proffer

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

on award of compensation ("Proffer") indicating petitioner should be awarded $55,000.00.  Proffer at 1.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  *Id.*

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $55,000.00 in the form of a check payable to petitioner, Sandra Loydpierson.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SANDRA LOYDPIERSON, | |
| Petitioner, | |
| v. | No. 17-1271V |
| | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On September 15, 2017, Sandra Loydpierson ("petitioner") filed a petition for vaccine injury compensation alleging that she suffered a right shoulder injury related to vaccine administration ("SIRVA"), a Table injury, following receipt of an influenza ("flu") vaccination administered on October 6, 2016.   Respondent filed his Rule 4(c) Report conceding entitlement to compensation on September 6, 2018.   The Chief Special Master issued a Ruling on Entitlement that same day.

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $55,000.00 for her past and future pain and suffering.   This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]   Petitioner agrees.

---

[1]   Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future damages.

1

## II.      Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment of $55,000.00 in the form of a check payable to petitioner.[2]

Petitioner agrees.

                                   Respectfully submitted,

                                   JOSEPH H. HUNT
                                   Assistant Attorney General

                                   C. SALVATORE D'ALESSIO
                                   Acting Director
                                   Torts Branch, Civil Division

                                   CATHARINE E. REEVES
                                   Deputy Director
                                   Torts Branch, Civil Division

                                   GABRIELLE M. FIELDING
                                   Assistant Director
                                   Torts Branch, Civil Division

                                   s/Lisa A. Watts
                                   LISA A. WATTS
                                   Senior Trial Attorney
                                   Torts Branch, Civil Division
                                   U.S. Department of Justice
                                   P.O. Box 146
                                   Benjamin Franklin Station
                                   Washington, D.C. 20044-0146
                                   Tel.:   (202) 616-4099

DATED: February 6, 2019

---

[2]  Petitioner is a competent adult.   Proof of guardianship is not required in this case.